IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JUAN NIETO,

                    Plaintiff,

   v.

KARL HOFFMAN, KEISHA PERRNOUD,         OPINION & ORDER
KAREN ANDERSON, CANDICE WARNER,
COLUMBIA CORRECTIONAL INSTITUTION,       16-cv-163-jdp
WISCONSIN DEPARTMENT OF CORRECTIONS,
and WISCONSIN DIVISION OF ADULT
INSTITUTIONS,

                    Defendants.

---

      Pro se plaintiff Juan Nieto is incarcerated at the Columbia Correctional Institution (CCI). Nieto alleges that medical personnel at CCI delayed diagnosing and treating his broken toe and bone spurs for almost two years, during which time he suffered great pain. Nieto has paid the filing fee for this action.

      The next step is for me to screen the complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915A. In screening any pro se litigant's complaint, the court must read the allegations of the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). After reviewing the complaint with this principle in mind, I conclude that Nieto has failed to state a claim against defendants. But I will give Nieto an opportunity to file an amended complaint clarifying the individual defendants' roles in the events underlying this suit.

ALLEGATIONS OF FACT

I draw the following facts from Nieto's complaint. Dkt. 1.

On November 12, 2013, Nieto alerted the Health Services Unit (HSU) at CCI that his foot was injured; the foot was swollen and Nieto was in pain and had difficulty walking. Five days later, the pain continued, so Nieto saw a nurse in HSU. The nurse instructed him to "take it easy" and told him he could see a doctor in two weeks. Dkt. 1, at 4.

Two weeks came and went without a doctor's visit. Nieto continued to complain of a painful and serious foot injury. In response, a nurse only provided aspirin. On November 14, 2014, a year after Nieto's initial complaint, a nurse recommended that the doctor take an x-ray of Nieto's foot. The doctor did so on January 20, 2015, and followed up with more x-rays on August 4, 2015, and September 1, 2015. Finally, on September 11, 2015, the doctor diagnosed Nieto with a fractured toe and bone spurs.

ANALYSIS

Nieto purports to bring Eighth Amendment deliberate indifference claims and medical malpractice claims against defendants pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80 (FTCA). There are two problems with Nieto's complaint. First, Nieto cannot proceed under *Bivens* or the FTCA because defendants are state, not federal, actors. The proper avenue for Nieto's Eighth Amendment claim is 42 U.S.C. § 1983, which allows suits only against natural persons, not governmental entities. So Nieto's Eighth Amendment claims against CCI, the Wisconsin Department of Corrections, and the Wisconsin Division

of Adult Institution, all state agencies, cannot go forward. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989).

Second, Nieto fails to allege sufficient facts to state an Eighth Amendment or medical malpractice claim against any defendant because Nieto does not sufficiently explain any defendant's role in the events underlying this suit: his description of events only mentions "the doctor" and "a nurse." I will give Nieto an opportunity to amend his complaint to allege facts that do state Eighth Amendment and medical malpractice claims. If he chooses to amend his complaint, he must file an entirely new complaint that replaces his original complaint. Before amending his complaint, Nieto should carefully read the discussion below, which outlines the problems in his complaint. In his amended complaint, he should be sure to explain what *each* defendant knew about his injury and what that defendant did (or did not do) to harm him. Nieto need not cite laws; he need only describe what each named defendant did.

A.  **Failure to provide adequate medical care**

The Eighth Amendment prohibits prison officials from acting with deliberate indifference toward prisoners' serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976).  A "serious medical need" may be a condition for which the necessity of treatment would be obvious to a lay person, *Johnson v. Snyder*, 444 F.3d 579, 584-85 (7th Cir. 2006), which results in needless pain and suffering, which significantly affects an individual's daily activities, *Gutierrez v. Peters*, 111 F.3d 1373 (7th Cir. 1997), or which otherwise subjects the prisoner to a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). For a defendant to be deliberately indifferent to such a need, he or she must know of the need and disregard it. *Id.* Delay in treatment may constitute deliberate indifference if the

delay unnecessarily prolongs the prisoner's pain. *Smith v. Knox Cty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012).

Here, Nieto alleges that medical staff at CCI knew that his foot was significantly injured to the point where Nieto had trouble walking. Nieto advised the medical staff that he was in pain and requested treatment on at least a few occasions. Despite this, medical staff failed to diagnose Nieto or to treat his injury, aside from offering him aspirin, for almost two years. Nieto likely states a claim under the Eighth Amendment, but unfortunately, he does not identify who, *specifically*, is responsible for the Eighth Amendment violation: he refers only to "the doctor" and "a nurse." He has not alleged how the four individuals named as defendants in this suit are "personally responsible for the constitutional deprivation." *Doyle v. Camelot Care Ctrs., Inc.*, 305 F.3d 603, 614 (7th Cir. 2002). Presumably, the doctor Nieto refers to is Karl Hoffman, MD, the only doctor named as a defendant in Nieto's complaint, but Nieto should say so explicitly. In his amended complaint, Nieto must explain how each of the other defendants knew about his serious medical need and then purposefully ignored or disregarded it.

B.  **Medical malpractice**

Federal courts may exercise supplemental jurisdiction over a state law claim that is so related to the federal claim that "they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Nieto's medical malpractice claims are part of the same case or controversy as his federal claims.

To prevail on a claim for medical malpractice in Wisconsin, Nieto must prove that defendants breached their duty of care to him and that he suffered injury as a result. *Paul v. Skemp*, 2001 WI 42, ¶ 17, 242 Wis. 2d 507, 625 N.W.2d 860. As with his Eighth

4

Amendment claims, Nieto fails to explain what each defendant specifically did or failed to do and how each defendant's actions or inaction caused him injury. Nieto must explain how each defendant breached his, her, or its duty of care to him before I can determine whether he can proceed on the remaining claims of medical malpractice.

ORDER

IT IS ORDERED that:

1. Plaintiff Juan Nieto's complaint is DISMISSED for failure to comply with Federal Rule of Civil Procedure 8.

2. Plaintiff may have until November 14, 2016, to file an amended complaint that provides a short and plain statement of a claim against defendants. If plaintiff submits an amended complaint as required by this order, I will take that complaint under advisement for screening. If plaintiff fails to respond to this order by the deadline, I will dismiss the case for plaintiff's failure to prosecute.

Entered October 24, 2016.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge