IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JUAN NIETO,

                    Plaintiff,

        v.

MICHAEL DITTMAN, KARL HOFFMAN,
ISSAC HART, ANN BOATWRIGHT,
CINDY O'DONNELL, KEISHA PERRENOUD,
KAREN ANDERSON, CANDICE WARNER,
MEREDITH MASHAK, KIM CAMPBELL,
DENISE VALERIUS, KATHY WHALEN, and
SALAMULLAH SYED,

                    Defendants.

OPINION & ORDER

16-cv-163-jdp

---

Pro se plaintiff Juan Nieto, a state prisoner incarcerated at the Columbia Correctional Institution (CCI), is proceeding against defendants, all CCI prison officials, on deliberate indifference and medical malpractice claims. Nieto contends that defendants delayed diagnosing and treating his broken toe and bone spurs for almost two years, despite knowing that he was in great pain. Defendants have moved for partial summary judgment, contending that Nieto's claims regarding events before June 2015 must be dismissed because Nieto did not file a prison grievance regarding the lack of medical care until July 5, 2015. Dkt. 17. Because Nieto's July 2015 grievance complained of an ongoing lack of medical care, I will deny defendants' motion for partial summary judgment.

Nieto alleges that on November 12, 2013, he alerted the CCI Health Services Unit (HSU) that his foot was so injured that he had difficulty walking. Defendant Nurse Kim Campbell told Nieto to rest and determined that referral to a doctor was unnecessary. Nieto continued to complain of a painful and serious foot injury. Defendant Meredith Mashak, the

HSU manager, directed him to submit a health services request for an appointment. Later, Mashak told Nieto that he was scheduled for a follow-up appointment. Despite Nieto's continued complaints of pain and requests for treatment, he was offered only acetaminophen and was not seen by a doctor until January 14, 2015, over a year later. That doctor, defendant Karl Hoffman, ordered and reviewed x-rays of Nieto's foot, which revealed that Nieto's toe was fractured, but did nothing more.

The parties agree that Nieto filed his first grievance about the lack of treatment on July 8, 2015. The grievance complains of "the lack of proper treatment that has been given to [Nieto] since [he] first requested help." Dkt. 19-2, at 11. Nieto explained in the grievance that he "most recently" complained to defendant Meredith Mashak, the HSU manager, about the lack of treatment for his foot. *Id.* Nieto attached a copy of a letter dated June 25, 2015, that he sent to Mashak. In the letter, he explained that he "first complained of the symptoms [he] was experiencing way back in November 2013" and that he had "not yet received appropriate treatment." *Id.* at 12. The grievance requests examination, pain medication, and treatment for the underlying injury. Nieto's grievance was dismissed, as was his appeal.

Nieto alleges that he continued to seek treatment for his foot. More x-rays were taken in August and September 2015. On September 11, defendant Salamullah Syed, MD, diagnosed Nieto with a fractured toe and bone spurs, which developed because of the delay in treating the fracture. Nieto filed this suit on March 10, 2016.

Under the Prison Litigation Reform Act, "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). To satisfy the exhaustion requirement, a prisoner must "properly take each

step within the administrative process," which includes filing grievances and appeals "in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024, 1025 (7th Cir. 2002). The State of Wisconsin requires prisoners to file a grievance within 14 calendar days after the occurrence giving rise to the complaint. Wis. Admin. Code § DOC 310.09(6). The exhaustion requirement is mandatory, *Woodford v. Ngo*, 548 U.S. 81, 85 (2006), and failure to exhaust requires dismissal of a prisoner's case. *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). Because exhaustion is an affirmative defense, defendants bear the burden of establishing that Nieto failed to exhaust his available remedies. *Jones v. Bock*, 549 U.S. 199, 216 (2007). At the summary judgment stage, they must show that there is no genuine dispute of material fact and that they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The facts material to the exhaustion requirement are not disputed. Once Nieto realized that he would not get the medical assistance he was requesting, Nieto filed a grievance and appealed it. He properly exhausted his available remedies. *See Edwards v. Schrubbe*, 807 F. Supp. 2d 809, 812-13 (E.D. Wis. 2011).

Defendants contend that because Nieto did not file his grievance until July 5, 2015, all claims concerning events occurring more than 14 days before July 5 were not properly exhausted. Under defendants' theory, Nieto would have had to have filed a grievance way back in November 2013, within 14 days of the initial denial of care. But at that point, how was Nieto to know that a doctor visit would be delayed for so long and that even after being seen by a doctor, it would be months before he was properly diagnosed and treated? If Nieto's grievance complained of a discrete event, he would have had to file it within 14 days of that event. *See Compton v. Cox*, 12-cv-837, 2017 WL 933152, at *3 (Mar. 8, 2017). But instead, the

3

grievance complained "about an ongoing lack of care from prison officials." *Id.* In such an instance, proper exhaustion occurs when a plaintiff files an "appropriate grievance through the proper channels once he has realized that he would not be able to resolve his grievance with the medical staff informally," even if it's more than 14 days after the earliest instance of the denial of medical treatment. *Edwards*, 807 F. Supp. 2d at 812. That's exactly what Nieto did.

Defendants cite *Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013), for the proposition that "the law does not allow a recently filed grievance to 'retroactively exhaust' earlier claims." Dkt. 18, at 10. But Nieto is not using a late-filed grievance to resurrect a stale claim that he failed to press promptly. *Turley* held that "prisoners need not file multiple, successive grievances raising the same issue (such as prison conditions or policies) if the objectionable condition is continuing." 729 F.3d at 650. *Turley* did not mention retroactive exhaustion, and in fact, the *Turley* court explained that grievances filed more than a year after the condition at issue began "would satisfy exhaustion," *id.* at 650 n.3, even though the administrative rules applicable in that case required grievances to be filed "within 60 days after the discovery of the incident, occurrence or problem." 20 Ill. Admin. Code 504.810(a). If anything, *Turley* suggests that Nieto properly exhausted his administrative remedies for all of his claims because he filed a grievance when it became apparent to him that he was facing an ongoing problem. He did not deprive CCI of the opportunity to address the delay in medical care.

Because defendants have not shown that Nieto failed to exhaust his administrative remedies concerning any of his claims, I will deny their motion for partial summary judgment.

ORDER

IT IS ORDERED that defendants' motion for partial summary judgment, Dkt. 17, is

DENIED.

Entered August 22, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge