IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JUAN NIETO,

                Plaintiff,

  v.

MICHAEL DITTMAN, KARL HOFFMAN,
ISSAC HART, ANN BOATWRIGHT,
CINDY O'DONNELL, KEISHA PERRENOUD,
KAREN ANDERSON, CANDICE WARNER,
MEREDITH MASHAK, KIM CAMPBELL,
DENISE VALERIUS, KATHY WHALEN, and
SALAMULLAH SYED,

                Defendants.

OPINION & ORDER

16-cv-163-jdp

---

Pro se plaintiff Juan Nieto, a state prisoner incarcerated at the Columbia Correctional Institution (CCI), is proceeding against defendant CCI prison officials on deliberate indifference and medical malpractice claims. Nieto contends that defendants delayed diagnosing and treating his broken toe and bone spurs for almost two years, despite knowing that he was in great pain. In an October 24, 2017 order, I denied Nieto's motion for assistance in recruiting counsel, because although he demonstrated that multiple lawyers declined to represent him in this case, he had not identified what specific tasks he is unable to perform without counsel, and I was not convinced that the difficulty of the case would exceed his ability to litigate his claims himself.

Nieto has now renewed his motion for assistance in recruiting counsel. Dkt. 34. He argues that he needs the assistance of counsel to locate a medical expert to "interpret lab reports, physician diagnoses, and symptoms suffered." *Id.* at 2. Nieto has survived defendants' summary judgment motion on exhaustion, but the parties may still move for summary

judgment on the merits of Nieto's claims—the deadline for doing so is December 15. Without seeing what evidence the parties may submit, it is not yet clear that this case will present complex medical issues that would benefit from expert review, so the assistance of counsel is not necessary at this point.

Nieto also explains that he "has a difficult time understanding English," making it hard for him to understand the court filings. *Id.* He argues that he needs the assistance of counsel during defendants' planned deposition of him, scheduled for December 5, 2017. He asks in a filing, which I will construe as a motion for a protective order under Federal Rule of Civil Procedure 26(c), that defendants depose him through written questions in Spanish and English. Dkt. 33. I ordered defendants to respond to Nieto's concerns about his ability to participate fully in his deposition. Dkt. 35. Defendants have done so; they see no problem with deposing Nieto in English. Dkt. 36. They point to the declaration of a CCI social worker, who states that Nieto completed his GED in English and helps other inmates with English/Spanish translation. She also states that Nieto "speaks English, but can be hard to understand at times" and that she has "had to explain the meaning of certain words to him on occasion, but . . . believe[s] that he comprehends." Dkt. 37, ¶ 6.

I have some doubt about whether Nieto will be able to fully participate in his deposition because of his difficulty speaking English, but that is a risk defendants bear, not Nieto. It is not a reason to recruit counsel for Nieto. If Nieto does not fully understand a question asked during the deposition, he may say so. He need not answer any question he does not fully understand. I will not order the deposition to be conducted by written questions and responses, either, because Nieto will have an opportunity under Federal Rule of Civil Procedure 30(e) to review the written deposition transcript and note any changes to his testimony. If defendants

find that they are not able to obtain the information that they seek through an oral deposition, they may obtain a translator or conduct the deposition by written questions.

As I previously explained, should Nieto continue to believe that he is unable to litigate this lawsuit himself, he should renew his motion for assistance in recruiting counsel and explain what specific tasks he is unable to perform without counsel.

## ORDER

IT IS ORDERED that:

1. Plaintiff Juan Nieto's motion for a protective order, Dkt. 33, is DENIED.

2. Plaintiff's motion for assistance in recruiting counsel, Dkt. 34, is DENIED without prejudice.

Entered November 30, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge