IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JUAN NIETO,

                Plaintiff,

   v.

MICHAEL DITTMAN, KARL HOFFMAN,
ISSAC HART, ANN BOATWRIGHT,
CINDY O'DONNELL, KEISHA PERRENOUD,
KAREN ANDERSON, CANDICE WARNER,
MEREDITH MASHAK, KIM CAMPBELL,
DENISE VALERIUS, KATHY WHALEN, and
SALAMULLAH SYED,

                Defendants.

ORDER

16-cv-163-jdp

---

EFRAIN CAMPOS, JUAN NIETO, and
STANLEY NEWAGO,

                Plaintiffs,

   v.

MICHAEL DITTMAN,
LINDA ALSUM O'DONOVAN,
DAVID KURKOWSKI, LUCAS M. WEBER,
KEVIN W. PITZEN, BRAD HOMRE, and
CINDY O'DONNELL,

                Defendants.

ORDER

17-cv-545-jdp

---

Juan Nieto, an inmate in the custody of the Wisconsin Department of Corrections (DOC) currently housed at the Stanley Correctional Institution (SCI), is a pro se plaintiff in two civil suits against DOC and Columbia Correctional Institution (CCI) officials. He has filed a motion in each case complaining that SCI officials searched his cell, confiscated his legal

materials, and read them. No. 16-cv-163, Dkt. 52; No. 17-cv-545, Dkt. 45. He adduces a "property disposition" document that indicates that 16 folders of paperwork were confiscated from his cell for "security review." No. 16-cv-163, Dkt. 52-1; No. 17-cv-545, Dkt. 45-1. He asks the court for an "injunction . . . so [he] can feel safe within legal matters." No. 16-cv-163, Dkt. 52; No. 17-cv-545, Dkt. 45.

To obtain injunctive relief, Nieto must demonstrate (1) a likelihood of success on the merits of his claims; (2) the lack of an adequate remedy at law and irreparable harm absent the injunction; (3) that the balance of harms tips in Nieto's favor; and (4) that the public interest favors the injunctive relief. *Lucini Italia Co. v. Grappolini*, 288 F.3d 1035, 1038 (7th Cir. 2002).

Injunctive relief might be appropriate if Nieto were being denied "meaningful access to the courts." *Lehn v. Holmes*, 364 F.3d 862, 868 (7th Cir. 2004) (quoting *Bounds v. Smith*, 430 U.S. 817, 823 (1977)). It should go without saying that searching an inmate's cell for legal materials is not an appropriate discovery technique. But there may be legitimate security reasons for the SCI officials' actions here. I need not inquire about those reasons, however, because Nieto does not allege that the seizure is impeding him from presenting his claims to the court or otherwise injuring him, nor does he ask for any specific relief—that is, he does not ask me to order defendants to do or not do some particular thing. So I will deny his motion.

Nieto mentions that he believes SCI officials searched his cell in "retaliation [for] the suits in progress." *Id.* at 1. If Nieto wishes to bring new claims against these SCI officials, he must do so in a new lawsuit. Such claims don't belong in Nieto's current lawsuits because under Federal Rule of Civil Procedure 20, multiple claims against different sets of defendants may be joined in one lawsuit only if they arise out of the same transaction or occurrence and present

questions of law or fact that are common to them all. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

ORDER

IT IS ORDERED that plaintiff Juan Nieto's motion for injunctive relief, No. 16-cv-163, Dkt. 52, and No. 17-cv-545, Dkt. 45, is DENIED.

Entered January 29, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge