IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JUAN NIETO,

                Plaintiff,

v.

KARL HOFFMAN, MEREDITH MASHAK,
KIM CAMPBELL, DENISE VALERIUS,
KATHLEEN WHALEN, and SALAM SYED,

                Defendants.

ORDER

16-cv-163-jdp

---

      Pro se plaintiff Juan Nieto, a prisoner in the custody of the Wisconsin Department of Corrections, is proceeding on Eighth Amendment and medical malpractice claims against several medical providers at Columbia Correctional Institution. After Nieto's case survived summary judgment, it was stayed while the court attempted to recruit counsel for Nieto. Those efforts were unsuccessful, so I lifted the stay and gave Nieto the option of either continuing to trial without counsel or dismissing the case without prejudice. Dkt. 61. Nieto responded indicating that he wished to proceed to trial without counsel. Dkt. 62. However, at the scheduling conference before Magistrate Judge Crocker, it became apparent that Nieto was unable to communicate effectively with the court due to his limited English proficiency. Nieto asked for additional time to find an attorney on his own and asked the court to find a "lay advocate" to assist him with his case. Dkt. 63. Magistrate Judge Crocker stayed proceedings through the end of last year and set a January 11, 2021 trial date as a placeholder.

      The court explored the possibility of allowing a lay advocate to assist Nieto at trial. Unfortunately, the law is "clear that an individual may appear in the federal courts only *pro se* or through counsel." *Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986) (citing 28

U.S.C. § 1654). So if Nieto cannot find an attorney to represent him, his only option is to proceed pro se.

Nieto recently submitted a letter indicating that the law firm of Quarles & Brady LLP has indicated that it is willing to represent him. Dkt. 69. He asks me to issue an order recruiting Quarles & Brady to represent him in this case. But when court staff contacted Quarles & Brady to confirm Nieto's representations, they were told that the firm is not representing Nieto and that it had sent Nieto a letter telling him this. So I will deny Nieto's request that I issue an order appointing Quarles & Brady as recruited counsel.

There is one final possible option that may enable Nieto to proceed to trial on his own: Spanish language interpreters. A team of two Spanish language interpreters would be able to assist Nieto at trial by translating the proceedings into Spanish so that Nieto understands what is being said, and translating Nieto's statements into English so that he can make his case to the jury. Unfortunately, the court cannot cover the cost of interpreter services in civil cases. It costs $202 per day to hire a non-Administrative-Office-certified "language skilled" interpreter for proceedings in federal court, plus $35 per hour for any overtime. *See* United States Courts, *Federal Court Interpreters*, https://www.uscourts.gov/services-forms/federal-court-interpreters. Assuming a two-day trial but accounting for potential overtime and interpreter travel costs, it would cost anywhere between $800 and $1100 for Nieto to hire a team of two interpreters to assist him at trial.

Nieto paid the full $400 filing fee in this case, which suggests that he may have the resources to pay for court interpretation services. If that is the case, Nieto should contact the court by the deadline below to indicate that he is willing and able to pay for court interpretation services. At that point, the court will provide Nieto with contact information for interpreters

with court-interpreting experience, and Nieto can arrange payment with them separately. If Nieto believes that he doesn't have sufficient funds to cover interpreting services, he should submit an in forma pauperis packet and trust fund account statement. I will direct the clerk's office to include an in forma pauperis packet with this order. If those submissions make clear that Nieto lacks the funds required to pay for court interpreters, I will attempt to recruit interpreters willing to render their services for free. There is no guarantee that I will be able to do so, and if I cannot, then I will have no choice but to dismiss Nieto's case without prejudice.

ORDER

IT IS ORDERED that:

1. Plaintiff Juan Nieto's motion for an order appointing Quarles & Brady as recruited counsel, Dkt. 69, is DENIED.

2. By August 6, 2020, Nieto must either (1) indicate that he is capable of paying the $800–$1100 it would cost to hire two court interpreters for a two day trial; or (2) indicate that he is incapable of paying that amount, in which case he must submit an in forma pauperis packet and inmate trust account statement. I will direct the clerk of court to send an in forma pauperis packet to Nieto along with this order. If these submissions indicate that Nieto lacks the funds to hire interpreters on his own, the court will attempt to recruit interpreters to provide their services pro bono. If Nieto fails to respond by August 6, 2020, I will dismiss the case.

Entered July 15, 2020.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge